IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID FRANCE,<br><br>　　Plaintiff,<br><br><br><br><br><br>vs.<br><br><br><br>HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON OF SALT LAKE CITY, L.C.; SOUTH VALLEY HARLEY-DAVIDSON SHOP, L.L.C.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 56(f) MOTION FOR CONTINUANCE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:06-CV-00961 TS |

　　This matter is before the court on Defendants South Valley Harley-Davidson Shop and Harley-Davidson of Salt Lake City, Inc. (hereinafter "Defendants")[1]. Motion for Summary Judgment[2] and Plaintiff's Motion for Extension of Time under Rule 56(f).[3] For the reasons stated

---

[1] Defendant Harley-Davidson, Inc. is not a party to this Motion.

[2] Docket No. 10.

[3] Docket No. 15.

1

below, the Court will grant the Defendants' Motion for Summary Judgment and deny Plaintiff's Rule 56(f) Motion.

## I. DISCUSSION

### A. Rule 56(f) Motion for Extension of Time

Plaintiff requests additional time to respond to Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(f). Under Rule 56(f), an affidavit must be submitted specifying how the additional time would assist in gathering the necessary facts, and what specific facts are expected to be uncovered.[4] Incomplete discovery, or evidence in the hands of the opposing party is insufficient justification for obtaining a Rule 56(f) continuance.[5] However, "unless dilatory or lacking in merit, the motion should be liberally treated."[6]

Plaintiff in this case stated that he is unable to answer Defendants' Motion for Summary Judgment because he does not have sufficient information.[7] Plaintiff does not state what specific information he lacks, nor does he state what he believes discovery will reveal if he were granted the extension. Plaintiff states that he plans to depose individuals in hopes of discovering some

---

[4] *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554-55 (10th Cir. 1993).

[5] *Id.*

[6] *Id.*

[7] Docket No. 15, at 2.

wrongdoing and other evidence to support his claims.[8]  Plaintiff's request is not properly supported with affidavits as required by Rule 56(f)[9] and will be denied.

B. Summary Judgment

Summary Judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and they are entitled to a judgment as a matter of law.[10]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[11]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[12]  Once a motion for summary judgment has been made, the burden shifts to the nonmovant who "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[13]  Additionally, the burden remains on the nonmovant "even though the evidence probably is in possession of the movant."[14]

---

[8] *Id.* at 2-3.

[9] *Jenkins*, 998 F.2d at 1554-55.

[10] *See Fed. R. Civ. P. 56(c).*

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[12] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[13] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (quoting *Anderson*, 477 U.S. at 257).

[14] *Id.*

As a matter of Utah law, "no defendant is liable to any person seeking recovery for any amount in excess of the proportion of fault attributed to that defendant."[15] "'Fault' means an actionable breach of a legal duty."[16] A duty to warn a consumer of a defective product lies with a seller or manufacturer "who knows or should know of a risk associated with its product."[17] Further, when a party is determined to be a passive retailer, there is no strict liability for design or manufacturing defects.[18]

It is undisputed that Defendants are passive retailers. Defendants did not participate in any design, testing, manufacturing, assembly or warnings in association with this or any motorcycle. Plaintiff did not purchase the motorcycle from these Defendants. Instead, it was purchased second-hand from the Castleberrys.[19] It is not disputed that Defendants performed only routine checks on the bike and never tampered with or altered the fuel line or any other component parts.[20] Additionally, once the Motion for Summary Judgment was presented, Plaintiff did not attempt to rebut any facts or evidence contained in the Motion.

---

[15] Utah Code Ann. § 78-27-38(3).

[16] *Id*. § 78-27-37(2).

[17] *Sanns v. Butterfield Ford*, 94 P.3d 301, 305 (Utah Ct. App. 2004) (quoting *House v. Armour of Am., Inc.*, 886 P.2d 542, 547 (Utah Ct. App. 1994)).

[18] *Id*. at 307.

[19] Docket No. 11, at 2.

[20] *Id*. at 5.

Thus, the Court finds, in accordance with the Utah Liability Act, that Defendants South Valley Harley-Davidson Shop and Harley-Davidson of Salt Lake City, Inc., as a matter of law, cannot be held liable for the allegedly defective fuel line.

## II. CONCLUSION

Based upon the above, it is hereby

ORDERED that the Plaintiff's Rule 56(f) Motion for Extension of Time (Docket No. 15) is DENIED.  It is further

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 10) is GRANTED.

DATED this 18 day of June,  2007.

BY THE COURT:

_____
TED STEWART
United States District Judge